UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICIA KANE, WENDY
BRAITHWAITE, and MAUREEN EISELE,

                      Plaintiffs,

   -v-

NEW YORK STATE NURSES
ASSOCIATION, TINA GERARDI, KAREN
BALLARD, J. HOWARD DOUGHTY,
EILEEN DUNN, MARY FINNIN, MIMI
GONZALEZ, WINIFRED KENNEDY,
ELIZABETH MAHONEY, and JOSÉ
PLANILLO,

                      Defendants.

No. 11 Civ. 6505 (RJS)
MEMORANDUM & ORDER

RICHARD J. SULLIVAN, District Judge:

      Plaintiffs, members of Defendant New York State Nurses Association ("NYSNA") and candidates for certain positions in a recent union election, bring this application for a preliminary injunction and temporary restraining order that would, in essence, require NYSNA to declare the winners of its recent election and to seat the winning candidates on the board. For the reasons that follow, Plaintiffs' request is granted.

                                  I. Background[1]

      NYSNA's bylaws provide that the election of officers, directors at large, and certain other positions shall be conducted by secret mail ballot, which are provided to voters no later than 60 days prior to the union's annual meeting. (Declaration of Patricia Kane, dated September 25, 2011, Doc. No. 14 ("Kane Decl."), Ex. A at Art. XIV § 2.) The bylaws further

---

[1] The following facts, which are not disputed for purposes of this motion, are taken from the Complaint, the parties' memoranda of law, declarations, and exhibits attached thereto.

provide that "[t]he results of the secret mail ballot shall be announced at the annual meeting," and that "[t]he nominees who receive the highest number of votes shall be declared elected." (*Id.* §§ 4-5.) Additionally, the bylaws state that "[t]he terms of all officers, directors and the Nominating Committee shall commence at the adjournment of the annual membership meeting at which they were elected and shall continue for the term specified or until their successors are elected." (*Id.* § 7.) Once elected, the officers and directors at large serve two-year terms. (*Id.* at Art. V § 3.)

In August 2011, NYSNA conducted an election for the positions of president-elect, treasurer, and four directors at large. Plaintiff Kane ran for treasurer as part of an anti-incumbent slate of candidates known as "New York Nurses for Staffing, Security and Strength." (Kane Decl. ¶ 13.) On August 24, 2011, the ballots were counted, and Kane and her entire slate received the most votes for each contested seat in the election and secured a majority of the seats on the board of directors. (*Id.* ¶ 3.)

From September 23 through September 25, 2011, NYSNA held its annual meeting in Niagara Falls, New York. (*Id.* ¶ 5.) While the results of the election were made public prior to the meeting, they were not formally announced at the annual meeting. Indeed, prior to the meeting, several members lodged protests regarding purported violations of NYSNA's election procedures, and an internal election committee was created to investigate these claims. (Kane Decl., Ex. F at 1-2.) On September 25, 2011, at the conclusion of the annual meeting, the incumbent board of directors convened and refused to seat Kane and her fellow slate members pending the conclusion of the election committee's investigation. (Kane Decl., Ex. F at 1-2.) The committee stated that it would not certify the results of the election until it completed its investigation of the protests. (*Id.*) NYSNA subsequently issued a press release in which it

indicated that "the current board will remain in place" beyond the expiration of their terms through the completion of the election protest process, and through and including the disposition of any appeals.  (Kane Decl., Ex. I.)  The bylaws are silent with respect to procedures for seating board members pending the investigation of election protests.

On September 26, 2011, Plaintiffs filed with this Court an "Application for Preliminary Injunction and Temporary Restraining Order."  Defendants submitted their papers in opposition to Plaintiffs' request on September 27, 2011.  The Court heard oral argument on September 28, 2011.

## II.  Legal Standard

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008); *accord Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010).  The party seeking the injunction carries the burden of persuasion to demonstrate, "by a clear showing," that the necessary elements are satisfied.  *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

The standard for a temporary restraining order is the same as for a preliminary injunction. *See AFA Dispensing Grp. B.V. v. Anheuser–Busch, Inc.*, 740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010).

## III.  Discussion

### A.  Jurisdiction

As an initial matter, the parties vigorously dispute whether this Court has jurisdiction to grant the relief that Plaintiffs are seeking.

3

Title I of the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 401, *et seq.*, provides that "[a]ny person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate." 29 U.S.C. § 412. Plaintiffs argue that this provision of the LMRDA confers jurisdiction on this Court to hear claims relating to Defendants' alleged violation of NYSNA's bylaws.

Defendants contend, however, that because this dispute is connected to a union election, Plaintiffs' remedy lies solely with the Department of Labor. In support of this position, Defendants point to Title IV of the LMRDA, which provides that an investigation and lawsuit by the Secretary of Labor is the "exclusive" remedy for "challenging an election already conducted." 29 U.S.C. § 483. Specifically, Title IV sets forth procedures for an aggrieved union member to raise such challenges:

> A member of a labor organization –
>
> > (1) who has exhausted the remedies available under the constitution and bylaws of such organization and of any parent body, or
> >
> > (2) who has invoked such available remedies without obtaining a final decision within three calendar months after their invocation,
>
> may file a complaint with the Secretary within one calendar month thereafter alleging the violation of any provision of section 481 of this title (including violation of the constitution and bylaws of the labor organization pertaining to the election and removal of officers).

29 U.S.C. § 482(a). The provisions following this section detail the procedures by which the Secretary of Labor is to investigate complaints that have been lodged regarding the conduct of the election. Upon concluding its investigation, the Secretary may then bring a suit in a United States district court, where it may seek, among other things, a declaration that the election is void and an order directing the commencement of a new election under the supervision of the

Department of Labor.  *See* 29 U.S.C. § 482(b)-(c).  Significantly, the statute provides that during the course of a Department of Labor investigation, "[t]he challenged election shall be presumed valid pending a final decision thereon . . . and in the interim the affairs of the organization shall be conducted by the officers elected or in such other manner as its constitution and bylaws may provide."  *Id.* § 482(a).

The parties' dispute over jurisdiction, therefore, centers on the question of whether the claim advanced by Plaintiffs – namely, that Defendants violated NYSNA's bylaws by failing to declare the winners of the election and seat the winning candidates – constitutes a "challeng[e to] an election already conducted," 29 U.S.C. § 483, and is thus within the exclusive jurisdiction of the Department of Labor.  The Court concludes that it may, consistent with Title IV, order Defendants to declare the winners of the election and to seat the winning candidates.

Ordering Defendants to declare the winners of the election and to seat the winning candidates, as required by NYSNA's bylaws, does not encroach on the exclusive jurisdiction of the Secretary of Labor in investigating challenges to a union election.  As noted above, Title IV provides that, pending the outcome of the Secretary's investigation, "[t]he challenged election shall be presumed valid . . . [and] the affairs of the organization shall be conducted by the officers elected or in such other manner as its constitution and bylaws may provide."[2]  29 U.S.C. § 482(a).  Here, because Defendants have refused to declare the winners of the election, there is no presumptively valid result from which any party may appeal or which would entitle any party to conduct the "interim . . . affairs of the organization."  As such, Plaintiffs' request that Defendants be ordered to declare the winners of the election is not a substantive challenge to the

---

[2] It is undisputed that NYSNA's bylaws do not include any provision pursuant to which the incumbent board members may retain their seats pending an investigation of challenges to the election.  To the contrary, the bylaws clearly impose two-year term limits on board members and state that the winning candidates *shall* be seated at the end of the annual meeting.  (*See* Kane Decl., Ex. A at Art. V §§ 3, 7.)

outcome of the election itself, but is rather an effort to enforce a right that is provided by NYSNA's bylaws and is consistent with the procedures for challenging elections provided by the LMRDA.  Put another way, while the Court has no interest in dictating which candidates are declared elected or how the challenges, if any, to the election are ultimately resolved, the Court certainly has the limited authority to force the union to at least declare a winner so that the presumptions that are statutorily recognized can go into effect.

Indeed, the Court's finding that it has jurisdiction to order Defendants to name the presumptive winners of the election is perfectly consistent with the Supreme Court's decision in *Local No. 82 v. Crowley*, 467 U.S. 526 (1984).  In *Crowley*, the Court held that a district court overstepped its authority under the LMRDA when it enjoined an ongoing union election so that a new election could be held pursuant to procedures imposed by the court.  *Id.* at 551.  The Court found that such a remedy conflicted with the exclusive jurisdiction of the Secretary of Labor over post-election challenges to the validity of an election.  *Id.* at 549.  The Court, however, emphasized that the exclusivity provision of Title IV did not entirely divest district courts of jurisdiction over all claims, even in a post-election context.  *Id.* at 541.  As the Court noted, the existence of Title IV's exclusivity provisions "does not necessarily mean that § 403 forecloses the availability of all postelection relief under Title I."  *Id*. at 541 n.16.  Rather, the Court stressed that "[t]he exclusivity provision of Title IV may not bar postelection relief for Title I claims or other actions that *do not directly challenge the validity of an election already conducted*." *Id*. (emphasis added).  Here, the relief sought by Plaintiffs is not barred by *Crowley*, because their request that Defendants declare the winners of the election is clearly not a challenge to the validity of an election already conducted.  To the contrary, NYSNA's bylaws and the LMRDA each contemplate that substantive challenges to an election may independently

be investigated by the Secretary following NYSNA's announcement of the winners of the election.

Defendants argue, nevertheless, that "courts uniformly dismiss complaints where alleged violations of Title I are actually complaints over alleged violations of Title IV." (Defs.' Mem. at 11.) The cases cited in support of this proposition, however, are clearly distinguishable from the facts of this case. In *Commer v. District Council 37, Local 375*, 990 F. Supp. 311 (S.D.N.Y. 1998), a case heavily relied on by Defendants, the plaintiff sought certification of his election as union president. *Id.* at 313. Finding that the court did not have jurisdiction under Title I to prevent the union from ordering a rerun election, Judge Sweet granted the defendants' motion to dismiss. *Id.* at 319-20. Significantly, however, Judge Sweet made a finding that the plaintiff had already been declared elected, which triggered the post-election provisions of Title IV regarding challenges to the validity of the plaintiff's election. *Id.* at 320. As Judge Sweet noted, once those provisions had been triggered, then any request by the plaintiff to have the election results "certified" is properly made only to the Secretary of Labor. *See id.* at 321. Because there has been no declaration of winning candidates here, however, the posture of this case differs substantially from that of *Commer*. Plaintiffs here are not asking the Court to certify the results of the election or even to name a presumptive winner. Rather, Plaintiffs are merely requesting that the winners of the election are declared *by Defendants* so that the status quo contemplated by the LMRDA and NYSNA's bylaws remains in effect while substantive challenges are brought before the Secretary of Labor.[3]

---

[3] Indeed, it could be argued that, pursuant to the language of NYSNA's bylaws, the election is not concluded until a winner is announced and, therefore, the post-election provisions of Title IV have not yet been triggered. (*See* Kane Decl., Ex. A at Art. XIV § 7 ("The terms of all officers, directors and the Nominating Committee shall commence at the adjournment of the annual membership meeting *at which they were elected*.").)

Accordingly, the Court finds that it has jurisdiction to order Defendants to comply with NYSNA's bylaws and declare and seat the winners of the election.

B. Merits

As noted above, in order to obtain a preliminary injunction or a temporary restraining order, a plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. Here, Plaintiffs have sufficiently demonstrated their entitlement to injunctive relief.

First, Plaintiffs are likely to succeed on the merits as they have demonstrated that Defendants violated NYSNA's bylaws by, among other things, refusing to declare the winners of the election and permitting the incumbent board members to extend their two-year terms of office.

Second, the fact that the incumbent board has remained in power in violation of NYSNA's bylaws is sufficient to establish a likelihood of irreparable harm. *See, e.g.*, *Kupau v. Yamamoto*, 622 F.2d 449, 457 (9th Cir. 1980) (irreparable injury existed because "a perpetuation of the union's refusal to install the duly elected candidate would deny him the opportunity to serve and seriously harm [plaintiff], his nominators, and the union membership which elected him to the most powerful office of [the union]").

Finally, the balance of equities and the public interest weigh in favor of requiring Defendants to abide by NYSNA's bylaws. Defendants' refusal to declare the winners of the election appears to be an attempt to thwart the plain intent of the LMRDA by leaving Plaintiffs with no result to challenge under Title IV. Accordingly, forcing Defendants to declare and seat the winners of the election is the more equitable result, as it will enable one set of candidates to

take their seats and the other set to commence the challenge procedures contemplated by the LMRDA.

IV. Conclusion

For the foregoing reasons, Plaintiffs' application for injunctive relief is granted. Accordingly, Defendants are HEREBY ORDERED to declare the winners of its recent election and to seat the winning candidates on the board.

SO ORDERED.

Dated:      October 13, 2011
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-13-11

9